# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| Plaintiff, | § § § | |
| v. | § § | No. **3:10-CR-322-L** |
| **JOHN ARTHUR APPLE, JR.**, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is John Arthur Apple, Jr.'s ("Defendant") Request for Home Confinement and Downward Departure, filed July 27, 2012, the United States's Response, filed August, 20, 2012, and the Defendant's Objections on the Government's Response,[*] filed September 13, 2012. After carefully reviewing the motion, the response, objections, the record, and applicable law, the court **denies** Defendant's Request for Home Confinement and Downward Departure.

**I.      Factual and Procedural Background**

On January 10, 2012, Defendant pleaded guilty to a two-count superseding Information charging him with Securities Fraud and Aiding and Abetting, in violation of 15 U.S.C. §§ 77q(a), 77x and 18 U.S.C. § 2, and Conspiracy to Commit Securities Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 371, 2 and 15 U.S.C. §§ 77q(a), 77x.  On April 16, 2012, this court sentenced Defendant to a term of imprisonment of 120 months and 3 years of supervised release.

---

[*] Defendant did not seek leave of court to file a reply brief in accordance with Local Criminal Rule 47.1(f). Because Defendant is appearing pro se, the court will nonetheless consider his objections.

**Memorandum Opinion and Order - Page 1**

Prior to sentencing, the United States Probation Office submitted a Presentence Report ("PSR") to the court. The PSR noted that Defendant suffers from a myriad of health problems. According to the PSR, Defendant stated that he was diagnosed with a coronary calcification condition in 2006, which causes him to have shortness of breath and chest pains. PSR ¶ 50. Defendant also stated he was diagnosed with degenerative cervical spine disease in 1999, which causes him extreme chronic pain in his neck and back and prevents him from standing or sitting for more than 3 hours per day. PSR ¶ 51. Furthermore, the PSR notes that Defendant stated he has suffered from colitis since 1970 and underwent a Barnett Continent Illeostomy Reservoir surgery in 1986. PSR ¶ 52. This surgery removed Defendant's colon, rectum and anus, and a pouch was surgically created inside Defendant's abdomen to allow him to have daily bowel movements by inserting a catheter into the pouch. *Id.* As a result of this condition, according to Defendant, he is required to consume a liquid diet, high doses of liquid food source vitamins and twelve, 16-ounce glasses of water each day. *Id.* Moreover, Defendant stated he was diagnosed with rheumatoid arthritis in 1998, which causes inflammation and pain in his joints. PSR ¶ 53. He also stated that he suffers from a sleep disorder, and, as a result, he cannot fall asleep for more than one or two hours without medication. PSR ¶ 54. In addition to the above, Defendant stated that he is prone to pneumonia, bronchitis, frequent colds, allergies, and sinus infections, and suffers from acid reflux and low testosterone levels. PSR ¶ 55. Finally, the PSR notes that Defendant experiences recurring hernias and has had two laparoscopic hernia surgeries in the past — one in 2006 and the other in 2007. *Id.*

## II. Defendant's Request for Home Confinement and Downward Departure

On July 27, 2012, over three months after sentencing, Defendant filed this motion requesting home confinement and a reduction in his term of imprisonment. Defendant asserts that he is in need of 24-hour care and is 100% disabled, and, as such, his health conditions require that he be granted home confinement in place of imprisonment, in addition to a reduction in his sentence. Def.'s Req. 3. Specifically, Defendant contends that: (1) he requires a liquid diet and liquid food source vitamins that are not available in the Bureau of Prisons; (2) he requires a nurse to assist him in going to the restroom or intubation and irrigation of his pouch throughout the day; and (3) there is no treatment in Bureau of Prisons for the severe pain he experiences as a result of his degenerative cervical spine disease. Def.'s Req. 1-3. Defendant asserts that home confinement will allow him the medicine and 24-hour care that he needs and that the Bureau of Prisons cannot support. Def.'s Req. 3. Defendant does not submit any affidavits, declarations, or other evidence to support his contention that the treatment he requires cannot be provided for by the Bureau of Prisons.

According to Defendant, his request is permitted by the "new sentencing guidelines of May 3, 2010," that amend United States Sentencing Guideline sections 5C1.1 and 5H1.4. Def.'s Req. 4. He also cites to 18 U.S.C. § 3582(c)(2) and various provisions of 28 U.S.C. § 994 to support his request for home confinement. Def.'s Req. 4-5. Further, Defendant relies on *Koon v. United States*, 518 U.S. 81 (1996), and a number of cases from other jurisdictions in support of his request, including *United States v. McFarlin*, 535 F.3d 808 (8th Cir. 2008); *United States v. Zapete-Garcia*, 447 F.3d 57 (1st Cir. 2006); *United States v. Bryson*, 163 F.3d 742, 747 (2d Cir. 1998); and *United States v. Apple*, 915 F.2d 899 (4th Cir. 1990). Def.'s Obj. 7.

In response, the government argues that Defendant's request is untimely and procedurally improper. Specifically, the government asserts that the Federal Rules of Criminal Procedure do not provide for a defendant to seek modification of his sentence at the time or in the manner that Defendant has done. Gov't Resp. 1-2 (citing Fed. R. Crim. P. 34, which provides that a defendant can move to arrest judgment, but only based on lack of jurisdiction or failure to charge an offense, and only within 14 days after a plea of guilty, Fed. R. Crim. P. 35, which provides for correction of an arithmetical or technical error within 14 days after sentencing, and Fed. R. Crim. P. 36, which provides for correction of clerical error at any time). Moreover, the government argues, the Code of Criminal Procedure does not provide for a challenge at this time or in this manner. Gov't Resp. 2 (citing 18 U.S.C. § 3742, which provides for an appeal of an otherwise final sentence if the sentence: (1) was imposed in violation of the law, (2) was imposed as a result of an incorrect application of the sentencing guidelines, (3) is greater than the maximum established in the guideline range, or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable). Furthermore, the government contends that Defendant's request is not proper under 18 U.S.C. § 3582(c), which provides for modification of a imposed sentence of imprisonment in limited circumstances not present here. Gov't Resp. 2. The court agrees.

Defendant invokes various United States Sentencing Guidelines provisions to support his contention that his motion is not untimely or procedurally improper under the Rules of Criminal Procedure. The Sentencing Guidelines, however, are separate and distinct from the Rules of Criminal Procedure; they are not determinative of what the Rules permit. What the Rules do allow, Defendant does not seek. Defendant does not move to arrest judgment, correct an arithmetical, technical or clerical error in his sentence, which the Rules clearly permit. *See* Fed. R. Crim. P. 34,

35, 36. What Defendant seeks is to modify his sentence, more than three months after sentencing, based upon *substantive* grounds — specifically, his health conditions, which were already in existence and known to the court at the time he was sentenced. The Rules do not allow for this.

Moreover, this case does not present circumstances under which modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c) would be allowed. Title 18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" under certain limited circumstances. The first such circumstance is if, upon motion of the Director of the Bureau of Prisons, the court finds that: (1) "extraordinary and compelling reasons warrant such a reduction," or (2) if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c)" and a "determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A). The second circumstance is if the modification is expressly permitted by statute or Rule 35 of the Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). Finally, a court may modify an imposed sentence of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, after consideration of the factors set forth in section 3553(a) — if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Here, no motion has been filed by the Director of the Bureau of Prisons, Defendant has not shown that extraordinary and compelling reasons warrant such a reduction, he is not at least 70 years of age, and he has not served at least 30 years in prison pursuant to a sentence imposed under § 3559(c). Thus, 18 U.S.C. § 3582(c)(1)(A) is inapplicable. Further, Defendant has not identified any statute expressly allowing modification of his sentence; nor is a modification

permitted under Rule 35. Therefore, § 3582(c)(1)(B) also does not apply. Moreover, contrary to what Defendant asserts, his sentence of imprisonment is not based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Defendant contends that the "new sentencing guidelines of May 3, 2010," support his request; however, Defendant was sentenced based on the November 1, 2011 Guidelines Manual. The amendment to which he likely refers  Amendment 738  took effect on November 1, 2010, and thus was in effect on the date he was sentenced. U.S. Sentencing Guidelines Manual app. C (2011). Because the Sentencing Commission has not subsequently lowered the guideline range applicable to Defendant, § 3582(c)(2) is also inapplicable.

Additionally, Defendant argues that the provisions of 28 U.S.C. § 994, which direct the Sentencing Commission to consider certain factors and objectives in promulgating the Sentencing Guidelines, "entitle [Defendant] to a particular sentence or home detention." Def.'s Obj. 6. Contrary to what Defendant contends, this provision does not entitle him  nor any defendant for that matter  to a particular sentence. Finally, the court notes that the authorities Defendant cites either do not: (1) support his position, (2) apply to the facts and circumstances of this case, or (3) constitute controlling law in this jurisdiction. Therefore, Defendant has failed to show that he is entitled to the modification in his sentence that he requests.

### III. Conclusion

For the reasons herein stated, Defendant is not entitled to home confinement or a downward departure under the Rules of Criminal Procedure, the Code of Criminal Procedure, or the Sentencing Guidelines. Accordingly, the court **denies** Defendant's Request for Home Confinement and Downward Departure.

**Memorandum Opinion and Order - Page 6**

**It is so ordered** this 11th day of October, 2012.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge